IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDON HAAS, | § | |
| | § | No. 379, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 2009014801(K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: June 5, 2024
Decided: August 2, 2024

Before **SEITZ**, Chief Justice, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

On this 2nd day of August, 2024, after consideration of the parties' briefs and the record below, it appears to the Court that:

(1) After Brandon Haas pleaded guilty to one felony count of Endangering the Welfare of a Child and three misdemeanor counts of the same charge, the Superior Court sentenced him to eight years at Level V incarceration, suspended after four years and one month for decreasing levels of supervision. The charges arose from Haas's involvement in the abuse and neglect that his wife, Kristie Haas, inflicted on her four children and, ultimately, the death of her youngest child, E.C.

(2) Haas now appeals his sentence, arguing that the Superior Court sentenced him with a closed mind. Although the Superior Court imposed a sentence that was

less than the statutory maximum allowed for the offenses to which he pleaded guilty, Haas contends that the court abused its discretion when it applied the mitigating and aggravating factors during sentencing.

(3) Of the several arguments Haas raises on appeal, one has some merit: that the Superior Court erred in applying the "offense against a child" aggravating factor to Haas's convictions. Nevertheless, because any error that the Superior Court committed in ascribing that aggravating factor to Haas's actions was harmless, we affirm the Superior Court's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

(4) Haas and Kristie married each other in 2017, a year after meeting at a drug rehabilitation center in Florida.[1] At the time, Kristie had four young children, none of whom resided with her.[2] Shortly after marrying Haas, Kristie regained custody of E.C., and, a few months later, she regained custody of her three older children.[3]

(5) The family resided in Smyrna, Delaware during the relevant events.[4] Throughout the marriage, Kristie, with Haas's complicity, abused and neglected her children, with E.C. suffering the most extreme abuse. Kristie's abusive conduct included forcing her children to engage in extreme physical exercise, physical discipline, limiting E.C.'s diet to rice and oatmeal, withholding food from E.C., and

---

[1] App. to Opening Br. at A265 (PSI).
[2] *Id*. at A261 (PSI).
[3] *Id*. at A143 (Defense Sentencing Memorandum).
[4] *Id*. at A246 (Warrant).

neglecting E.C.'s medical care.[5] When directed to do so by Kristie, Haas also meted out this abuse.[6]

(6) On July 27, 2019, when E.C. was three years old, Kristie told Haas that something was wrong with the child.[7] When Haas entered E.C.'s room, he noticed that she was not breathing and told Kristie to call 9-1-1, but she replied that it was "too late."[8] Haas then took the other three children to his mother's home for several hours while Kristie disposed of E.C.'s body.[9] Kristie later admitted that she took E.C.'s body to a park in Smyrna and laid her body in the woods.[10] Kristie returned to the spot on several occasions and eventually burned E.C.'s body.[11] Kristie refused to answer Haas's questions about what she had done with E.C.'s remains.[12] Neither Kristie nor Haas ever reported E.C.'s death to police.[13]

(7) Nearly two months after E.C.'s death, on September 13, 2019, the Smyrna Police Department received a report that a person had discovered human skeletal remains near softball fields approximately a mile from the home where Haas and

---

[5] *Id*. at A137 (State's Sentencing Memorandum); A310 (State's Sentencing Memorandum for Kristie Haas); A258 (PSI); A144 (Defense Sentencing Memorandum).
[6] *Id*. at A137 (State's Sentencing Memorandum); A143–44 (Defense Sentencing Memorandum).
[7] *Id*. at A144 (Defense Sentencing Memorandum).
[8] *Id*.
[9] *Id*. at A258 (PSI).
[10] *Id*. at A310 (State Sentencing Memorandum for Kristie Haas).
[11] *Id*.
[12] *Id*. at A258 (PSI).
[13] *Id*. at A167 (Defense Sentencing Memorandum).

Kristie lived.[14] The responding officers called DFS, whose forensic investigators confirmed that the remains belonged to a child.[15] In October, a forensic anthropologist from the Smithsonian Institute confirmed that the remains belonged to a child between the age of 2.75 and 4.25 years old.[16] Throughout 2019 and 2020, the local authorities, in conjunction with the FBI, attempted to identify the remains.[17]

(8) In September 2020, the Smyrna Police received a tip that the remains belonged to E.C.[18] After conducting surveillance on Kristie, Haas, and the three children, officers collected trash that Kristie threw into a dumpster and compared it to the DNA recovered from E.C.'s remains.[19] The DNA results indicated that there was a high likelihood that Kristie was the deceased child's mother.[20] During the two weeks that police conducted surveillance on Kristie and Haas, officers never saw E.C.[21] In October 2020, police arrested Kristie and Haas in connection with E.C.'s death.[22]

(9) On April 5, 2021, a Kent County grand jury indicted Haas and Kristie on one count of First Degree Child Abuse, three counts of felony Endangering the

---

[14] *Id*. at A246 (Warrant); A327 (State's Sentencing Memorandum for Kristie Haas Ex. A).
[15] *Id*. at A246 (Warrant).
[16] *Id*.
[17] *Id*. These attempts included: reviewing footage from the day that Kristie dropped E.C.'s body at the park, releasing facial reconstructions of E.C., and a national alert released by the FBI.
[18] *Id*.
[19] *Id*. at A247 (Warrant).
[20] *Id*.
[21] *Id*.
[22] *Id*. at A1 (Superior Court Docket); A244 (Warrant).

Welfare of a Child, three counts of misdemeanor Endangering the Welfare of a Child, and one count of Hindering Prosecution.[23] Kristie also was charged with Assault Second Degree, Abusing a Corpse, and Reckless Burning.[24] On May 3, 2021, the State indicted Kristie on two counts of Murder by Abuse or Neglect.[25]

(10) On March 9, 2023, Haas pleaded guilty to one felony count and three misdemeanor counts of Endangering the Welfare of a Child.[26] Haas and the State agreed to open sentencing with a joint recommendation that the sentence on the misdemeanor counts be served concurrently.[27] The parties also submitted a cooperation agreement for the court's review, which required Haas to provide information and testify against Kristie in the event that her case went to trial.[28] The parties asked the court to defer Haas's sentencing until Kristie's case was resolved, in order to evaluate the extent of Haas's cooperation.[29] After conducting the plea colloquy with Haas, the court ordered a presentence investigation and deferred Haas's sentencing until the resolution of Kristie's criminal charges.[30]

---

[23] *Id*. at A1 (Superior Court Docket); A19–23 (Indictment).
[24] *Id*. at A21–24 (Indictment).
[25] *Id*. at A2 (Superior Court Docket).
[26] *Id*. at A86–89 (Plea Colloquy); A122 (Plea Agreement); 11 *Del. C*. § 1102(a)(1)(a).
[27] App. to Opening Br. at A90 (Plea Colloquy).
[28] *Id*. at A92 (Plea Colloquy); A124–26 (Cooperation Agreement).
[29] *Id*. at A96 (Plea Colloquy).
[30] *Id*. at A110 (Plea Colloquy).

(11) After Kristie pleaded guilty to Murder by Abuse of Neglect, three counts of Endangering the Welfare of a Child, and Abusing a Corpse,[31] the State and defense counsel submitted their sentencing memoranda.[32] In its submission, the State recommended that Haas serve five years at Level V for the felony charge—the maximum allowed by statute[33]—and one month at Level V for each misdemeanor charge, to be served concurrently.[34] The State conceded that the "assistance to prosecution" mitigating factor applied given Haas's cooperation against Kristie.[35] The State also conceded that the "acceptance of responsibility" and "could lose employment" mitigating factors applied.[36] The aggravating factors that the State advocated were undue depreciation of the offense, offense against a child, and child domestic violence victim.[37] The State later argued that the "vulnerability of the victim" factor applied instead of the "child domestic violence victim" factor.[38]

(12) In their sentencing memorandum, Haas's lawyers suggested a sentence of 12 months Level II probation—the presumptive sentence for each charge under the SENTAC guidelines.[39] Haas argued that neither the "offense against a child"

---

[31] *Id*. at A315–16 (State's Sentencing Memorandum for Kristie).

[32] *Id*. at A136 (State's Sentencing Memorandum); A141 (Defense Sentencing Memorandum).

[33] 11 *Del. C*. § 4205(b)(5).

[34] App. to Opening Br. at A136 (State's Sentencing Memorandum).

[35] *Id*.

[36] *Id*. at A138 (State's Sentencing Memorandum).

[37] *Id*.

[38] *Id*. at A187 (State's Surreply) (quoting *Wynn v. State*, 23 A.3d 145, 150 (Del. 2011)); *Id*. at A222 (Sentencing Tr.).

[39] *Id*. at A147 (Defense Sentencing Memorandum); 2023 SENTAC Benchbook at 55, 73.

nor "vulnerability of the victim" aggravating factors could apply because each reflected an element embedded in the Endangering charges, and the SENTAC guidelines instruct that an aggravating factor should not constitute an element of the charged offense.[40]  Haas identified mitigating factors in addition to those the State had identified.[41]  Finally, defense counsel provided the court with a detailed psychological evaluation[42] and written statements from Haas's probation officer, employer, former youth football coach, and brother.[43]

(13)  The Superior Court sentenced Haas and Kristie on September 14, 2023.[44] The State presented three victim impact statements, one of which was given by Kristie's mother, Belinda Johnson.[45]  Johnson's statement was the longest of the three, and defense counsel objected twice when Johnson referred to abusive conduct that Kristie alone had committed.[46]  In both instances, the court instructed Johnson to confine her statements to conduct related to the charges against Haas.[47]

---

[40] App. to Opening Br. at A147 (Defense Sentencing Memorandum) (quoting 2023 SENTAC Benchbook at 107 "An aggravating or mitigating circumstance, whether listed below or not, shall only apply if it does not reflect the statutory language defining the current offense, or constitute an element thereof.")).

[41] These included: "productive member of society," "mental health treatment," and "rehabilitation." App. to Opening Br. at A147 (Defense Sentencing Memorandum).

[42] App. to Opening Br. at A149–74 (Defense Sentencing Memorandum).

[43] *Id*. at A175–81 (Defense Sentencing Memorandum).

[44] *Id*. at A188 (Sentencing Tr.).

[45] *Id*. at A193 (Sentencing Tr.).

[46] *Id*. at A197–98, A202 (Sentencing Tr.).

[47] *Id*. at A199 (Sentencing Tr.) ("I must instruct you to confine your comments to conduct for which Mr. Haas has actually been charged or plead guilty to.").

(14)  In addition to the victim impact statements presented by the State, Haas and his brother spoke.[48]  Haas told the court about his relationship with Kristie and the children, the fact that he spent much of his time working and had little control over how the children were disciplined, his regrets for not reporting E.C.'s death to authorities, and his efforts since being arrested to address his mental health and substance abuse issues.[49]

(15)  The court then inquired of counsel whether the "vulnerability of the victim" and "child victim" aggravating factors could properly apply in light of the State's concession that the SENTAC guidelines prohibited application of a factor that constituted an element of the crime for which the defendant is being sentenced.[50] In response, the State argued that the "offense against a child" factor provides that the victim be under 16 years of age at the time the crime is committed, whereas Endangering the Welfare of a Child only requires the victim to be under the age of 18.[51] As to the "vulnerability of the victim" factor, the State posited that because the factor requires the victim to be vulnerable "due to extreme youth," this definition differed from the statutory requirement that an Endangering the Welfare of a Child victim be a minor.[52]

---

[48] *Id.* at A208, A217 (Sentencing Tr.).
[49] *Id.* at A218–19 (Sentencing Tr.).
[50] *Id.* at A221 (Sentencing Tr.).
[51] *Id.* at A222 (Sentencing Tr.).
[52] *Id.* at A222 (Sentencing Tr.).

(16)  The Superior Court ultimately adopted the three mitigating factors that the State conceded—acceptance of responsibility, loss of employment, and assistance to the prosecution—but expressed hesitation over Haas's acceptance of responsibility given his statements in the PSI and to his expert that he was never home and therefore did not contribute to the abuse and could not have stopped it.[53] The court, however, ultimately stated that Haas technically satisfied the factor because he pleaded guilty to the charges more than 30 days before trial.[54]

(17)  The court held that the following aggravating factors applied: excessive cruelty, need for correctional treatment, undue depreciation of the offense; vulnerability of the victim, and offense against a child.[55]  The court reasoned that the "offense against a child" aggravator applied because, as the State argued, the aggravator's threshold for a victim's age differed from the elements of the crime.[56] As to the "vulnerability of the victim" factor, the court explained that the children were vulnerable due to their extreme youth, rather than simply because they were minors.[57]

(18)  The Superior Court announced the following sentence: five years at Level V for the felony endangering charge, suspended after four years for one year

---

[53] *Id*. at A225–26 (Sentencing Tr.).
[54] *Id*. at A225 (Sentencing Tr.).
[55] *Id*. at A228–29 (Sentencing Tr.).
[56] *Id*. at A229 (Sentencing Tr.).
[57] *Id*.

9

at Level IV,[58] and one year of Level V, suspended after one month for Level III supervision for each of the three misdemeanor charges.[59]  The court ordered the Level V sentences for the misdemeanor charges to run concurrently with each other but consecutive to the felony charge.[60]  The court explained that Haas's sentence exceeded the applicable SENTAC guidelines because the above aggravating factors outweighed the mitigating factors and mitigating information presented.[61]

(19)  On appeal, Haas argues that the court sentenced him with a closed mind. Specifically, he maintains that the court disregarded mitigating evidence and overemphasized Johnson's victim impact statement.[62]  This, Haas contends, caused the court to improperly 1) exclude the "acceptance of responsibility" mitigating factor,[63] and 2) apply the following aggravators: "need for correctional treatment," "offense against a child," and "undue depreciation."[64]

## II.    ANALYSIS

(21)  This Court reviews the Superior Court's criminal sentence for abuse of discretion.[65]  As is the case here, our review of sentences that do not exceed statutory

---

[58] *Id*. at A231 (Sentencing Tr.).
[59] *Id*. at A231–32 (Sentencing Tr.). The court also ordered Haas to pay court costs, receive mental health and substance abuse treatment while serving his Level V time, and have no contact with the victims. A232–33 (Sentencing Tr.).
[60] *Id*. at A232 (Sentencing Tr.).
[61] *Id*. at A230 (Sentencing Tr.).
[62] Opening Br. at 34.
[63] *Id*. at 36.
[64] *Id*. at 39–40.
[65] *Kurzman v. State,* 903 A.2d 702, 714 (Del. 2006).

limits is "extremely limited."[66]  Without more, a sentence that exceeds SENTAC's presumptive guidelines does not trigger appellate review.[67]  A sentencing court abuses its discretion when the sentence "is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[68]  A sentencing court exhibits a closed mind when the court bases its sentence on a preconceived bias without considering the offense's nature or the defendant's character.[69]

(22)  Haas first argues that the Superior Court ignored mitigation evidence from the defense expert and Haas's brother, probation officer, and employer while accepting other—less favorable—statements and information.[70]  But, during sentencing, the court "has broad discretion in determining what information to rely on from a presentence report and related sources."[71]  Moreover, Haas does not provide support for his argument that "the judge gave no weight to the mitigation provided."[72]  Contrary to this contention, the court acknowledged the expert report, referencing "the important mitigating factor of assistance to the prosecution, together with the *other mitigating factors* presented to the [c]ourt, and the other

---

[66] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[67] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).
[68] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[69] *Id.*
[70] Opening Br. at 33–34.
[71] *Mayes*, 604 A.2d at 843.
[72] Opening Br. at 34.

mitigation information presented to this [c]ourt including Dr. Cooney-Koss's report."[73]

(23) There also is no record support for Haas's contention that the court "relied on emotionally charged statements" made by Kristie's mother, Belinda Johnson.[74] On the two occasions that defense counsel asked the court to limit Johnson's victim impact statement to conduct for which Haas was charged, the court instructed Johnson to do so.[75] Furthermore, during sentencing, the court explicitly noted that "the children's statements, as a whole, indicate that Kristie was the prime instigator."[76] Accordingly, there is nothing in the record to suggest that the court attributed Kristie's abusive conduct to Haas.

(24) Haas next argues that the court improperly rejected the "acceptance of responsibility" factor, which the State conceded was applicable.[77] He contends that the court would have imposed the presumptive sentence had it applied this mitigating factor.[78] But Haas is mistaken; the court applied all three mitigating factors, including Haas's "acceptance of responsibility."[79] Although the court disagreed with Haas's version of events—that he did not know about the abuse and could not

---

[73] App. to Opening Br. at A229.
[74] Opening Br. at 34.
[75] App. to Opening Br. at A199, A202 (Sentencing Tr.).
[76] *Id*. at A227 (Sentencing Tr.).
[77] Opening Br. at 37.
[78] *Id*.
[79] Opening Br. Ex. A at 7 (Sentencing Order).

have stopped it from occurring[80]—the court still identified that mitigating factor in the sentencing order[81] and during sentencing referred to "the other mitigating factors presented to the [c]ourt."[82]

(25) Finally, Haas argues that the court abused its discretion when it applied the following factors: "need for correctional treatment," "offense against a child," and "undue depreciation." Haas does not dispute the court's application of the "vulnerability of victim" and "excessive cruelty" factors. Because the court explained the exceptional circumstances supporting Haas's sentence, and because Haas does not appeal two of the five aggravating factors, we can affirm Haas's sentence for those reasons. But Haas also does not provide compelling reasons for this Court to find that the Superior Court abused its discretion when it applied the "need for correctional treatment" and "undue depreciation of the offense" factors.

(26) As to the "need for correctional treatment" factor, Haas contends that the court abused its discretion because Haas's probation officer represented that he

---

[80] App. to Opening Br. at A225–28 (Sentencing Tr.).
[81] Opening Br. Ex. A at 7 (Sentencing Order).
[82] App. to Opening Br. at A229 (Sentencing Tr.). Haas also contends that the court "ignored" other mitigating factors that he presented, namely: compliance with probation, seeking out mental health treatment, and his "metamorphosis" from an angry to loving man. But, 1) these are not SENTAC-recognized mitigators, and 2) a sentencing judge is free to accept or reject mitigation presented to it. Haas's disagreement with how much weight the court gave the mitigation does not mean that the court ignored the evidence. *See Cheeks v. State*, 768 A.2d 467, 2000 WL 1508578, at *2 (Del. Sep. 25, 2000) (TABLE) ("A sentencing hearing is not a motion for summary judgment in which a judge accepts uncontested affidavits as true. At sentencing, a judge is supposed to make evaluations about the evidence, and therefore is free to find expert reports unpersuasive and unworthy of constituting mitigating factors.").

13

complied with probation.[83]  But this fact is not so at odds with the definition of the factor[84] that it constituted an abuse of discretion for the court to apply it.  As to the "undue depreciation of the offense" factor, Haas argues that because his offenses were not violent, the court could have sentenced him to probation without unduly depreciating the seriousness of the offense.[85]  But the "undue depreciation" factor is not limited to violent offenses,[86] and it was within the court's discretion to determine what level of confinement would best suit the charges and conduct.  The court expressed concern that, although Haas claimed to take responsibility for his role in the abuse, his statement that "everything was normal" when he was home[87] was at odds with his concession that he assisted with the physical punishments.[88] Accordingly, the court did not abuse its discretion when it concluded that a probation sentence would unduly depreciate the seriousness of Haas's conduct.

(27)  Haas's argument that the court abused its discretion when it applied the "offense against a child" aggravator is more compelling but is not thoroughly

---

[83] Opening Br. at 39 (citing App. to Opening Br. at A177 (Defense Sentencing Memorandum)).

[84] "The defendant is in need of correctional treatment which can be most effectively provided if he is placed in total confinement." 2023 SENTAC Benchbook at 109.

[85] Opening Br. at 40.

[86] Undue depreciation of the offense occurs when "[i]t would unduly depreciate the seriousness of the offense to impose a sentence of other than total confinement." 2023 SENTAC Benchbook at 109.

[87] App. to Opening Br. at A219, 226 (Sentencing Tr.).

[88] *Id*. at A227 (Sentencing Tr.).

briefed.[89] Haas does not grapple with the court's holding that the differing age thresholds between the aggravating factor and the crime permit the court to apply the aggravator, and the State does not address the issue at all.[90]

(28) Assuming, however, that the court's application of this factor constituted an abuse of discretion, the error was harmless because the court correctly applied the other four aggravating factors. Although the Superior Court commits error when it bases a sentence on aggravating factors that are not supported by the record,[91] the error can be harmless where the court cites other aggravating factors when imposing a sentence that does not exceed the statutory maximum.[92] We recently held that the Superior Court's proper application of other aggravating factors that justified an enhanced sentence negated any error in the court's improper application of one additional factor.[93] Here, because Haas has not appealed the Superior Court's application of the "vulnerability of the victim" and "excessive cruelty" factors, we affirm the Superior Court's sentence on the basis that the application of one challenged factor, even if erroneous, was harmless.

---

[89] The State appears to misunderstand both the record and Haas's argument on appeal. Specifically, the State does not acknowledge that the court applied the "offense against a child" factor. Answering Br. at 14.

[90] Opening Br. at 40.

[91] *Davenport v. State,* 150 A.3d 274, 2016 WL 6156170, at *2 (Del. Oct. 21, 2016) (TABLE).

[92] *Walt v. State*, 727 A.2d 836, 841 (Del. 1999).

[93] *Cooling v. State*, 308 A.3d 1193, 2023 WL 8278529, at *4 (Del. Nov. 30, 2023) (TABLE).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is affirmed.

BY THE COURT:

/s/ Abigail M. LeGrow
Justice